GEORGE H. WOOSTER, Appellant, *against* JACOB SANDMAN, Respondent.

(Decided February 3d, 1879.)

A licensee of the use of a patented article for a year agreed in writing that if he did not deliver it to the licensor within ten days after expiration of the year he would pay on demand the license fee for an ensuing year. *Held,* that a delivery at the residence of the licensor was not essential, but that the delivery might be made at the place of business of the licensor; but *held* also, that the leaving by the licensee of the article on the desk of the licensor at his place of business, in his absence, and in the absence of any person acting for him, and without waiting at such place of business a reasonable time for the return of the licensor, was not the delivery intended in the agreement, and that the license fee for an ensuing year became payable on demand.

Wooster v. Sandman.

APPEAL from a judgment for defendant rendered by a District Court of the city of New York.

On May 1st, 1877, the appellant was the owner of a patent for a " folding guide " for sewing-machines, and by a written agreement made on that day he licensed the respondent to use one of his guides for a year at a royalty of $50, which was paid.  The agreement contained the following clause : " But upon the expiration of this license, if the parties of the second part wish to discontinue the use of guides covered by the claims of the above-mentioned patent, they will deliver to the party of the first part, free of charge, all the folding guides hereby licensed, or all that they have or have had in their possession. And if the parties of the second part fail to deliver all of said guides within ten days from the termination of this license, the license for all shall become due and payable for the next ensuing year, and in that case the parties of the second part agree to pay said license fee on demand." The action was brought to recover the fee for an ensuing year under this clause, and the point contested was, whether or not there was a proper, or any delivery.

*T. B. Browning*, for appellant.

*J. P. Solomon*, for respondent.

VAN BRUNT, J.—This is another action upon contract dated May 1st, 1877, similar to the one mentioned in the opinion in the case of *Wooster* v. *Tasker,* decided herewith, the plaintiff claiming that the defendant did not return the guide within the ten days from May 1st, 1877, and the defendant answering that he did return this guide.  The justice gave judgment for the defendant, and from this judgment the plaintiff appealed.

The plaintiff claims that a delivery of the guide at his office in his absence was not a good delivery, and that he was not obliged to receive the guide prior to May 1st, 1878.  The latter position is clearly untenable, because it is admitted by the plaintiff that the defendant informed him a

few days prior to the 1st of May that he did not intend to use the guide for another year, and that he told him if he returned the guide it would be all right. It is clear that if, pursuant to this direction the defendant returned the guide, that he is absolved from further liability upon this contract.

It is claimed that the defendant was bound to return the guide to the residence of the plaintiff and tender it there. This rule I do not think will be upheld at the present time, where a man has a known place of business. A tender at the place of business must be held to meet all the requirements of the law. But the question still remains, whether the leaving the guide upon the desk of the plaintiff in his absence is a good tender back of the guide. I think it is not. It would seem that the defendant was bound to tender back the guide to the plaintiff at his place of business, or to some person acting for him, and if he is absent at least to wait a reasonable time for his return, in order to make a tender. In the case at bar, the defendant, not finding the plaintiff in his place of business, left the guide upon his desk. Such a tender does not seem to be sufficient, and our attention has been called to no principle under which it can be sustained.

The judgment must therefore be reversed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed.